# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re | ) | Chapter 13 Proceedings |
|---|---|---|
| | ) | |
| **TANYA N. HEYKOOP,** | ) | Case No: 2:16-bk-06032-DPC |
| | ) | |
| | ) | **UNDER ADVISEMENT RULING** |
| Debtor. | ) | **RE THIRD INTERIM** |
| | ) | **APPLICATION FOR** |
| | ) | **ATTORNEYS' FEES AND** |
| | ) | **EXPENSES** |
| | ) | |
| | ) | **[NOT FOR PUBLICATION]** |

Before this Court is the Third Interim Application for Attorneys' Fees and Expenses ("Third Application") filed on June 6, 2018 (DE[1] 50) by Radix Law, PLC ("Applicant"), counsel for Debtor, Tanya N. Heykoop ("Debtor"). The Chapter 13 Trustee objected to the Third Application. The Court now approves the amount of $1,887.34, a sum $2,000 less than Applicant sought in their Third Application.

## I.     BACKGROUND

On May 26, 2016, Debtor filed her voluntary chapter 13 bankruptcy petition. (DE 1). Debtor simultaneously filed a Chapter 13 Plan (DE 2) and Applicant filed a Federal Rule of Bankruptcy Procedure 2016 Disclosure of Compensation (DE 5). The Rule 2016(b) Disclosure of Compensation stated that prior to the date of filing her bankruptcy, Debtor made payments to Applicant in the amount of $3,905. *Id.* On July 21, 2016, the United States Internal Revenue Service ("IRS") filed an Objection to Confirmation. (DE 13). On August 16, 2016, the Trustee

---

[1] DE will hereinafter refer to docket entries in this administrative case 2:16-bk-06032-DPC.

1

filed a Trustee Plan Recommendation. (DE 14). On June 16, 2017, Debtor responded to the IRS's Objection to Confirmation and Trustee's Recommendation and filed the First Modified Chapter 13 Plan. (DE 31). On October 30, 2017, a Stipulated Order Confirming the First Modified Chapter 13 Plan was entered. (DE 47).

On October 17, 2016, Applicant filed a First Interim Application for Attorneys' Fees and Expenses ("First Application") and sought approval of compensation to be paid through the Chapter 13 Plan. (DE 18). On November 15, 2016, after no objections were filed, the Court approved the First Application in the amount of $6,709.98. (DE 27). The First Application related to services provided and costs incurred between May 3, 2016 and October 10, 2016.

On September 27, 2017, Applicant filed a Second Interim Application for Attorneys' Fees and Expenses ("Second Application") and sought approval of compensation to be paid through the Chapter 13 Plan. (DE 37). On October 25, 2017, the Court approved the Second Application in the amount of $4,290.12, again, after no objections were filed. (DE 45). The Second Application related to services provided and costs incurred between October 13, 2016 and September 20, 2017.

The Third Application detailed 6.6 hours of work completed by attorney Carolyn R. Tatkin billed at $335 to $350 per hour and 9.6 hours of work completed by a paralegal billed at $160 to $170 per hour. *Id.* The scope of work included resolving Trustee's dismissal order, revising the Stipulated Order Confirming the First Modified Chapter 13 Plan, obtaining confirmation of the First Modified Chapter 13 Plan, addressing complications for plan funding, amending schedules and statements, attending to issues related to Debtor's loss of bonus income, and preparing the Second and Third Applications. *Id.* at 2. Applicant requested $3,887.34 for services provided ($3,781.50) and costs ($105.84) incurred between September 25, 2017 and May 31, 2018. *Id.* at 1.

2

On June 26, 2018, Trustee filed Trustee's Objection to the Third Fee Application ("Objection"). (DE 52). On August 31, 2018, Applicant filed a Response to Trustee's Objection ("Response"). (DE 53). In Applicant's Response, Applicant voluntarily removed $700 in requested fees related to the preparation of the Second and Third Application. *Id.* at 1. On October 15, 2018, the Court held oral argument on the legal issues, after which the Court took this matter under advisement.

To date, the Court has approved Applicant's fees and costs in the amount of $14,905.10 for services provided and costs incurred between May 3, 2016 and September 20, 2017.

## II.    <u>JURISDICTION</u>

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1334.

## III.    <u>ISSUE</u>

Whether the fees requested by Applicant are reasonable within the meaning of 11 U.S.C. §330(a)(3)?

## IV.    <u>LAW</u>

Under 11 U.S.C. § 330, the Court is authorized to award professionals reasonable compensation for actual, necessary services provided and reimbursement for actual, necessary expenses incurred. Specifically, under 11 U.S.C. § 330(a)(4)(B):

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11. U.S.C. § 330(a)(4)(B).

The Court's discretion in determining whether compensation is reasonable is guided by § 330(a)(3):

3

In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account relevant factors, including –

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3)(A)-(F).

Section 330(a)(4) further provides that a court may not allow compensation for "unnecessary duplication of services" or "services that were not – (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A)(i)-(ii). Furthermore, the Court may award compensation that is less than the amount requested. 11 U.S.C. § 330(a)(2).

A professional seeking compensation under § 330 has the burden of proving that the amount requested is reasonable. *See Roderick v. Levy (In re Roderick Timber Co.)*, 185 B.R. 601, 606 (9th Cir. 1995) citing *In re Travel Headquarters, Inc.*, 140 B.R. 260, 261 (9th Cir. BAP 1992).

**V.     ANALYSIS**

When considered together with Applicant's First and Second Application, the Court finds the compensation sought in the Third Application is unreasonable under § 330(a)(3)(A)-(F).

4

Applicant's First, Second, and Third Applications request a total of $18,092.49 in compensation for services provided and costs incurred during the course of this chapter 13 case. While Applicant provided services necessary to the administration of the case and those services were beneficial to the estate, the Court must consider the total compensation requested in light of its experience with other chapter 13 cases in this District. Furthermore, although the Court does not doubt the number of hours expended by Applicant, the starting point for determining the reasonableness of the fees requested by Applicant are based on local norms and this Court's experience.

In this District, a "no look" fee in a non-business chapter 13 case is $4,500. See L.R. 2084-3(b) and General Order 17-2. Importantly, the Court is not questioning the Applicant's justification for entering into an hourly billing arrangement with Debtor. Moreover, the Court acknowledges that this chapter 13 case presented some "out of the ordinary" issues due to the Debtor's employment status and questions concerning the dischargeablity of tax debt. However, the Court agrees with the Trustee that the time spent on resolving issues in this case was not commensurate with the complexity, importance, and nature of the issues presented.

Between September 25, 2017 and May 31, 2018, Applicant objected to Trustee's Order Dismissing Case, filed the Second and Third Applications, filed Amended Schedules and confirmed the First Modified Chapter 13 Plan. These services and the time expended in providing them are not necessarily unreasonable when considered in isolation. However, when considered in the context of Applicant's initial $3,950 payment and subsequent fee applications exceeding $11,000, Applicant's Third Application seeks fees which, in the aggregate, are unreasonable. This has not been a particularly difficult or complex case. The fact that the Debtor has consented to allowance of all fees and costs in each of Applicant's three fee applications is not

5

1  particularly telling as it is essentially unsecured creditors, not the Debtor, who bear the

2  weight of Applicant's administrative claims.  The Court does not agree with the Trustee

3  that the entire amount requested in the Third Application is unreasonable.  Rather, the

4  Court approves the Third Application to the amount of $1,887.34 (costs of $105.84 plus

5  fees of $1,781.50).  The Court finds these amounts reasonable when viewed in the overall

6  context of the work performed and results obtained by Applicant in this case.

7  **VI.    CONCLUSION**

8        For the reasons stated above, the Court determines that Applicant's Third

9  Application is approved in the amount of $1,887.34.

10   **DATED AND SIGNED ABOVE.**

11

12

13  COPY of the foregoing mailed by the BNC and/or
    sent by auto-generated mail to:
14

15  Carolyn R. Tatkin
    Radix Law, PLC
16  15205 N. Kierland Blvd., Suite 200
    Scottsdale, AZ 85254
17

18  Mary B. Martin
    101 N. First Ave., Suite 1775
19  Phoenix, AZ 85003

20  Edward J. Maney
    Chapter 13 Trustee
21  101 N. First Ave., Suite 1775
    Phoenix, AZ 85003
22

23

24

25

26                              6